UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE STANLEY-LEE SHONG,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

    Defendant.
    _____/

CASE NO. 14-CV-14415
HONORABLE GEORGE CARAM STEEH

**ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(B) (DOC. 17) AND REQUIRING PLAINTIFF'S COUNSEL TO REFUND TO PLAINTIFF THE PREVIOUS FEE AWARDED PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**

Now before the Court is Plaintiff's counsel's motion for attorney fees, in the amount of $16,428.75, pursuant to 42 U.S.C. § 406(b). (Doc. 17). Plaintiff has not filed an objection with the Court. The Commissioner of Social Security has no objection to the award of the full amount, provided that Plaintiff's counsel refunds the $5,000 that he has received pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, to Plaintiff. Given that there are no objections to the relief requested and given that the motion is fully briefed, the Court will dispense with oral argument pursuant to Local Rule 7.1(f)(2). For the reasons explained below, the Court will grant Plaintiff's counsel's motion, with the Commissioner's condition.

**I.    Background**

Plaintiff filed the instant action to appeal the Commissioner of Social Security's decision denying his application for disability benefits. After Plaintiff filed a motion for

summary judgment, the parties stipulated that the Court should remand the case to the Commissioner for further administrative action. (Doc. 12). Accordingly, the Court remanded the case to the Commissioner. (Doc. 13). On remand, the Commissioner awarded benefits to Plaintiff. According to the Notice of Award, the Commissioner withheld $16,428.75, which represents twenty-five percent of the total award. (Doc. 17-2).

Attached to the motion now before the Court is a copy of the Fee Agreement executed by Plaintiff and Plaintiff's counsel. (Doc. 17-3). The Fee Agreement provides that Plaintiff's "attorney shall charge and receive . . . an amount equal to twenty-five percent (25%) of the past-due benefits that are awarded to [Plaintiff's] family and [Plaintiff] in the event [the] case is won." (*Id.*). It further provides that Plaintiff "will not be charged a fee if [Plaintiff] do[es] not receive past-due benefits." (*Id.*). Plaintiff's counsel represents that he sent notice to Plaintiff, on or before July 1, 2016, informing Plaintiff that he has a right to object to the proposed award of $16,428.75, notwithstanding the Fee Agreement. (Doc. 17 at 7). As noted above, the Court has not received an objection from Plaintiff.

Plaintiff's counsel has also filed an affidavit in support of the instant motion. (Doc. 17-5). In the affidavit, counsel details the forty-five hours that he states that he spent working on the instant case, during the proceedings in this Court and at the administrative level. (*See id.* ¶ 7). Plaintiff's counsel states that for his non-contingency-fee cases, his usual hourly rate is $240 per hour. (*Id.* ¶ 9).

The Court has previously awarded attorney fees to Plaintiff's counsel in the amount of $5,000. (Doc. 16). The Court issued this award pursuant to the EAJA and

-2-

the parties' joint stipulation. (*See id.*). As noted above, the Commissioner believes that this $5,000 amount should be refunded to Plaintiff, as a condition of Plaintiff's counsel's receipt of the now-requested $16,428.75. (*See* Doc. 18). According to the Commissioner, Plaintiff's counsel agrees to this condition. (*Id.*).

**II.    Law**

When a claimant is successful on his disability-benefits appeal, "the court may determine and allow as part of its judgment a reasonable fee for [the claimant's attorney], not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b). As the Sixth Circuit has explained, an agreement for a twenty-five percent contingency fee is presumptively reasonable under section 406(b) unless (1) counsel engaged in improper conduct or rendered ineffective assistance or (2) counsel would "enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 420-21 (6th Cir. 1990) (quoting *Rodriguez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989)) (emphasis removed) (internal quotation marks omitted). In assessing whether an attorney would enjoy a windfall from an apparently large contingency-fee award, a court must take into account the fact that the attorney probably does not win every contingency-fee case he or she takes. *See id.* at 421. For this reason, the Sixth Circuit has held that "a windfall can never occur when . . . the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Id.* at 422; *accord Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014).

The EAJA provides an alternative avenue by which a claimant's attorney can receive fees.  A court can order awards under both the EAJA and § 406(b), but the claimant's attorney must refund the smaller of the two awards to the claimant.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002)

### III. Application

The Court, after a review of Plaintiff's counsel's previous filings in this case, finds no evidence of improper conduct or deficient performance on the part of Plaintiff's counsel.  This finding is bolstered by the lack of objection by Plaintiff or the Commissioner to the proposed fee award.

The Court also finds that the proposed fee award would not provide a windfall to Plaintiff's counsel.  The Court credits Plaintiff's representation that he worked forty-five hours on this case, and the Court finds this to be a reasonable amount of time, in light of the proceedings at both the administrative and district-court levels.  Given that Plaintiff worked forty-five hours on this case, the proposed contingency-fee award represents an effective hourly rate of approximately $365.  This hourly rate is reasonable and does not represent a windfall.  *See Ballatore v. Comm'r of Soc. Sec.*, No. 11-15335, 2015 WL 5830836, at *10 (E.D. Mich. Aug. 5, 2015) (unpublished) (collecting cases from this district and from other districts in which fee awards of $600 or more were approved).  This amount is only about fifty percent more than Plaintiff's counsel's non-contingent hourly rate.

The Michigan State Bar's 2014 study on attorney billing rates confirms the reasonableness of the $365 effective hourly rate.  *See* State Bar of Michigan, *Economics of Law and Practice in Michigan* (2014), *available at*

https://www.michbar.org/file/pmrc/articles/0000151.pdf. Other judges in this district have relied on this study in assessing the reasonableness of attorney-fee awards, and this Court takes judicial notice of it. *See Ballatore*, 2015 WL 5830836, at *9; *Drenning v. Comm'r of Soc. Sec.*, No. 12-13470, 2014 WL 4705113, at *4 (E.D. Mich. Sep. 21, 2014) (unpublished). The study shows that the median hourly rate for an attorney in Jackson, where Plaintiff's counsel is based, is $185. Moreover, the study shows that median hourly rate for an attorney specializing in public-benefits law is $225. The effective hourly rate of $365 is less than twice of either amount. Thus, the proposed attorney-fee award would not present a windfall to Plaintiff's counsel. Again, this finding is confirmed by the lack of objection from either Plaintiff or the Commissioner.

The proposed attorney-fee award of $16,428.75 does not exceed twenty-five percent of the past-due benefits awarded to Plaintiff by the Commissioner. Because the Court finds no evidence that counsel has acted improperly or that counsel would receive a windfall from the proposed award, the Court finds that the proposed award is presumptively reasonable. No party has offered evidence to rebut this presumption of reasonableness, and therefore the Court concludes that the proposed award is reasonable.

Given that both Plaintiff's counsel and the Commissioner agree that the $5,000 awarded to Plaintiff's counsel under the EAJA should be refunded to Plaintiff, the Court finds that the $5,000 EAJA award should be refunded to Plaintiff as a condition of Plaintiff's counsel's receipt of the $16,428.75.

### IV. Conclusion

Therefore, IT IS ORDERED that Plaintiff's counsel's motion for attorney fees (Doc. 17) is GRANTED. The Commissioner SHALL pay Plaintiff's counsel $16,428.75. This amount represents twenty-five percent (25%) of the past-due benefits that were awarded to Plaintiff following the remand of the instant case to the Commissioner. IT IS FURTHER ORDERED that Plaintiff's counsel SHALL refund the $5,000 EAJA award to Plaintiff.

IT IS SO ORDERED.

Dated: August 2, 2016

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 2, 2016, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---